IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PANINI AMERICA, INC., ) | |
|     Movant, ) | |
| ) | |
| v. ) | Case No. 3:22-mc-00010 |
| ) | Judge Richardson/Frensley |
| WILD CARD, INC. and ) | |
| DANIEL ATKINS, ) | Related to: |
|     Respondents. ) | E. Hanlin Bavely, Chapter 7 |
| ) | Trustee of AAA Sports, Inc. v. |
| ) | Panini America, Inc., |
| ) | Case No. 4:22-cv-00093-ALM |
| ) | (E.D. Tex.) |

**ORDER**

**I.  INTRODUCTION**

This matter is now before the Court upon a "Motion to Compel Compliance with Subpoenas or, in the Alternative, to Transfer Motion to the Eastern District of Texas" filed by Panini America, Inc. ("Panini"), which is the Defendant in a copyright action proceeding, as the Motion's title suggests, in the Eastern District of Texas. Docket No. 1. Panini has also filed a Supporting Memorandum and other supporting documents. Docket Nos. 2, 1-1, 2-1, 2-2, 2-3. Panini seeks to compel compliance with discovery requests served by subpoena on two non-parties to the underlying suit, Respondents Wild Card, Inc. ("Wild Card") and Daniel Atkins (collectively, "Respondents"). Docket No. 1. Wild Card and Mr. Atkins have filed a Response and the Declaration of Daniel Atkins. Docket Nos. 8, 8-1.  For the reasons set forth below, Panini's Motion (Docket No. 1) is **GRANTED** to the extent it requests transfer, and the Motion is **TRANSFERRED** to the United States District Court for the Eastern District of Texas for adjudication on the merits.

## II.  LAW AND ANALYSIS

### A.      Local Rule 37.01

As an initial matter, Wild Card and Mr. Atkins argue that the Motion should be denied because Panini "filed the instant motion without filing the requisite joint discovery dispute statement under Local Rule 37.01(b)." Docket No. 8, p. 5, 8-9. While the Court agrees that the Local Rules contain this requirement, in this instance the Court finds that the briefs submitted provide sufficient information as to the underlying dispute and will not deny the Motion on this basis alone. Most importantly, it is undisputed that Panini and Respondents met and conferred in a good faith attempt to resolve the dispute as required by LR 37.01(a). *Id.* at 8. Therefore, the Court will consider the merits of the Motion.

### B.      The Disputed Subpoenas

The subpoenas that are the subject of this Motion were issued by the United States District Court for the Eastern District of Texas pursuant to ongoing litigation in that Court.  Docket Nos. 2-1, 2-2.  Both were served or were attempted to be served upon Respondents at the same address in Brentwood, Tennessee, and command Respondents to perform compliance at a law office within the Middle District of Tennessee.[1]  *Id.*   Therefore, the Middle District of Tennessee is the court charged with enforcement of the subpoenas, which request discovery information from Wild Card and Mr. Atkins.  *Id.*  Respondents argue that the requests are overbroad, vague, irrelevant, and seek information that should instead be obtained from the Plaintiff in the underlying lawsuit. Docket No. 8.

Rule 34 provides that "a nonparty may be compelled to produce documents and tangible

---

[1] Respondents dispute Panini's assertion that service was achieved as to Mr. Atkins.  *See* Docket No. 8, p. 16-17.

things or to permit an inspection." Fed. R. Civ. P. 34(c). The issuance and enforcement of subpoenas to nonparties is governed by Rule 45 of the Federal Rules of Civil Procedure, which states that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The court where compliance is required may then adjudicate the motion, or, "it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

The Advisory Committee Notes explain that the purpose of providing for "local resolution of disputes about subpoenas" is to ensure the protection of local nonparties. Fed. R. Civ. P. 45(f) advisory committee's notes. Therefore, transfer is appropriate where the nonparty who is subject to the subpoena consents. Absent consent, the proponent of transfer bears the burden of showing that exceptional circumstances are present. *Id.* These exceptional circumstances include an interest in avoiding disruption of the issuing court's management of the underlying litigation. *Id.* But "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

In this instance, it appears that Wild Card and Mr. Atkins have previously consented to the transfer of the Motion. Stating that they "defer to the Court's discretion" on the question of transfer, Wild Card and Mr. Atkins explain that they previously communicated their consent to Panini:

> Wild Card and Mr. Atkins take no position as to Panini's alternative requested relief to transfer this Motion to Compel to the Eastern District of Texas. While Panini's counsel was advised on numerous occasions that both Wild Card and Mr. Atkins consented to the transfer of this Motion to Compel or the withdrawal and re-filing of same in the Eastern District of Texas, Panini took no steps to do so.

Docket No. 8, p. 17.

The Court therefore finds that transfer under Rule 45(f) is appropriate because Respondents have consented to the transfer.

Additionally, the Court finds that exceptional circumstances are present. As an initial matter, the Court notes that a finding that transfer is appropriate involves weighing any interest that may qualify as exceptional circumstances against "the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) advisory committee's notes. Here, neither Wild Card nor Mr. Atkins has articulated *any* interest in obtaining local resolution of the Motion. *See* Docket No. 8. Therefore, there is little to balance against the circumstances that weigh toward resolution of this Motion in the Eastern District of Texas.

Were the Motion to be decided in this District, the Court would be faced with making determinations of relevance, burden, and proportionality as to twenty-four discovery requests (twelve identical requests sent to Wild Card and Mr. Atkins, respectively). Rule 26 provides that a party may obtain discovery that is relevant to any party's claim or defense; yet this Court has only been provided with the underlying Complaint, and not with any responsive pleadings that may exist in the underlying matter. Nor has the Court been provided Wild Card's response to the subpoenas, as it has apparently been designated as confidential under the Protective Order in the underlying litigation. Docket No. 2, p. 9, n. 2. Further, Respondents argue (among other things) that it would be more appropriate and convenient to seek the information described in the subpoenas from the Plaintiff in the underlying litigation. Docket No. 8, p. 9-10. There is a distinct possibility that the Texas Court's management of the litigation would be disrupted by this Court's decision as to the relevance of these requests to the claims and defenses in the underlying action.

In contrast, Panini asserts (and Respondents do not dispute) that "[t]he parties have engaged in extensive document and deposition discovery in the underlying case, and have already

appeared before the Honorable Amos Mazzant for multiple conferences." Docket No. 2, p. 15-16. While Wild Card and Mr. Atkins are not parties to the underlying action, Mr. Atkins is mentioned in the Complaint and Wild Card is alleged to be his company. Docket No. 2-3, p. 5-6, Docket No. 2, p. 3. Wild Card, Mr. Atkins, and E. Hanlin Bavely, the Plaintiff in the underlying litigation, appear to be represented by the same Texas attorneys. Under the circumstances, the mandate of Rule 1 that requires courts to construe the Rules so as to secure the "just, speedy, and inexpensive" determination of all actions instructs that this Motion be transferred to the Eastern District of Texas in order to avoid interfering with that Court's management of the underlying litigation.

### III.  CONCLUSION

For the foregoing reasons, Panini's Motion (Docket No. 1) is **GRANTED** to the extent it requests transfer, and the Motion is **TRANSFERRED** to the United States District Court for the Eastern District of Texas for adjudication on the merits.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**